**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OLANIYAN MTUNDU ADEFUMI,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 26-CV-0998** |
| | : | |
| **TEMPLE UNIVERSITY POLICE OF** | : | |
| **PHILADELPHIA, PENN.,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                            FEBRUARY 23, 2026

Plaintiff Olaniyan Mtundu Adefumi brings this *pro se* civil action against Temple University Police and Sergeant Ramos following an incident during which he was allegedly handcuffed by police and placed in the back of a car for a few minutes. He seeks to proceed *in forma pauperis*. For the reasons set forth, the Court will grant Adefumi *in forma pauperis* status and dismiss his Complaint with leave to amend.

## I.        FACTUAL ALLEGATIONS

Adefumi's allegations are brief. He alleges that on December 12, 2025, he was inside Temple University's "computer building" where he had taken final examinations. (Compl. at 4.) Adefumi arrived at the building at approximately 9:00 or 10:00 in the morning. (*Id.*) A few hours later, he went to run an errand but left his backpack inside the building. (*Id.*) When Adefumi returned to the computer building at approximately 1:30 p.m. to retrieve his belongings, he was stopped by "eight police officers, one female, of Temple University", who asked him for identification. (*Id.*) Although Adefumi provided his Temple University identification and his "Non-Driver's license", he was handcuffed and placed in a four-door white car. (*Id.*)

Adefumi alleges that the handcuffs "were very tight" and that he "loudly informed the officers that the handcuffs were too tight." (*Id.* at 4, 5.)  He further alleges that "[b]eing placed into a car caused [him] to sit on them and that hurt [his wrist] much more." (*Id.* at 5.)  Within "[m]inutes" Sergeant Ramos "told the officers that they stopped a student and [Adefumi] was allowed to go." (*Id.* at 4.)  Adefumi asked for a police report, and Ramos provided his card and the incident number. (*Id.*)  He made further efforts to obtain the report but has not yet received a copy. (*Id.*)

Adefumi filed the instant lawsuit based on these events.  He "want[s] [the] officers involved . . . to come to court" to explain why "many of Temple University students can leave books in the computer center and retrieve them after leaving the computer building but when [he] did that" he was stopped by police who "did not respect [his] school identification card." (*Id.* at 5.)  He also seeks $11,000 in damages. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Adefumi leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a complaint if it fails to state a claim.  This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the screening stage, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Adefumi is proceeding *pro se*, this Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.   DISCUSSION

Adefumi's Complaint is best construed as bringing claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights.[1] *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not— in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) ("[T]he Supreme Court has recognized the Fourth Amendment . . . as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." (citations omitted)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The personal involvement of each defendant in the alleged constitutional violation is a required element, so a plaintiff must allege how each

---

[1] To the extent Adefumi claims a violation of his "freedom of locomotion & education," (Compl. at 3), he does not state a plausible claim.

defendant was involved in the events giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).  Further, a plaintiff "cannot assert liability against [an entity such as] Temple University solely on the basis that it employs police officers" who violated his rights but must instead allege that the University's policy or custom was responsible for the underlying constitutional violation to state a claim.[2]  *Calloway v. Temple Univ. Coll.*, No. 24-2320, 2024 WL 3653049, at \*5 (E.D. Pa. Aug. 5, 2024); *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was.").

To determine whether an investigatory stop was executed within the bounds of the Fourth Amendment, the Supreme Court prescribed a dual inquiry into "whether the officer's action was justified at its inception," in that it was supported by reasonable suspicion, and "whether the manner in which the stop was conducted was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 20 (1968); *see United States v. Johnson*, 592 F.3d 442, 452 (3d Cir. 2010).  A lawful stop and frisk under *Terry* is a seizure that may elevate into a *de facto* arrest, depending on "the reasonableness of the intrusion." *United States v. Edwards*, 53 F.3d 616, 619-20 (3d Cir. 1995).  "[W]hen police officers make an investigative stop, they may take such steps as are 'reasonably necessary to protect their personal safety and to maintain the status quo'" during the course of the stop.  *Id.* at 619 (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985)).  This can include handcuffs if justified by the

---

[2]     Police departments are generally considered subdivisions of an entity that are not suable under § 1983 apart from the entity itself.  *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) ("[T]he Red Lion Police Department, as the sub-division of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant in an action pursuant to 42 U.S.C. § 1983."). The Court need not decide whether "Temple University Police" is suable separately from Temple University because Adefumi has not stated a claim either way.

circumstances confronting the officer. *See United States v. Jackson*, 120 F.4th 1210, 1220 (3d Cir. 2024); *Johnson*, 592 F.3d at 448; *Baker v. Monroe Township*, 50 F.3d 1186, 1193 (3d Cir. 1995).

Adefumi challenges his handcuffing and brief detention, but he has not provided sufficient facts to state a Fourth Amendment claim. The Complaint does not provide any context about why the police were on the scene, any conversations Adefumi had with police about accessing the building, or what events or discussions occurred that led police to place handcuffs on him. Absent information about these details, Adefumi's Complaint is too vague to support a plausible Fourth Amendment claim because it is not possible to discern whether the police acted unreasonably based on the circumstances confronting them. *See, e.g., Davis v. Schermerhorn*, No. 24-0493, 2024 WL 1517536, at *3 (E.D. Pa. Apr. 8, 2024) (dismissing unreasonable search and seizure claims where plaintiff "provided no facts about the context regarding the SEPTA Officers' alleged search and seizure of him, including why he was stopped and handcuffed, whether he was arrested or otherwise accused of any wrongdoing, and whether the SEPTA Officers lacked probable cause or reasonable suspicion to stop him"); *Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." (citation omitted)), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023) (*per curiam*) Further, nothing in the Complaint suggests that Ramos was actually involved in the decision to detain or handcuff Adefumi; rather, Adefumi's allegations suggest that Ramos's involvement was limited to directing the other officers to release him. Nor does anything in the Complaint suggest that a policy or custom caused the alleged violations at issue.

To the extent Adefumi is also raising an excessive force claim, such a claim is analyzed under the Fourth Amendment "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "To determine objective reasonableness, we must balance the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (quoting *Graham*, 490 U.S. at 396)). The reasonableness of force depends on "the totality of the circumstances," considered from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. City of Philadelphia*, 837 F.3d 343 (3d Cir. 2016) (quotations and citation omitted).

In evaluating the use of handcuffs, the Court must "look at the intrusiveness of all aspects of the incident in the aggregate." *Baker v. Monroe Township,* 50 F.3d 1186, 1193 (3d Cir. 1995). In *Kopec v. Tate,* the United States Court of Appeals for the Third Circuit (the "Third Circuit") found a basis for excessive force where, despite repeated requests, the officer failed to loosen handcuffs that were so tight the plaintiff began to faint from the pain and lost feeling in his hand, resulting in permanent nerve damage in his right wrist and requiring treatment from a hand surgeon. 361 F.3d 772, 774, 777 (3d Cir. 2004). However, the Third Circuit cautioned that the opinion should not be "overread" as it was not meant to open the "floodgates to a torrent of handcuff claims." *Id.* at 777. In contrast to *Kopec*, merely alleging that the handcuffs were tight is generally insufficient to establish excessive force. *See Pagliaccetti v. City of Philadelphia*, No. 09-1106, 2010 WL 3222153, at *5 (E.D. Pa. Aug. 13, 2010) ("Merely alleging that the handcuffs were too tight, as plaintiff has done in this case, does not warrant a finding of excessive force" (citation omitted)). Accordingly, Adefumi's allegation that he was placed in tight handcuffs in the back of a car for a period of a few minutes does not plead a plausible excessive force claim,

particularly given the absence of additional allegations about the circumstances that led to him being handcuffed. *See Graham-Smith v. Wilkes-Barre Police Dep't*, 739 F. App'x 727, 732 (3d Cir. 2018) (explaining that, although "excessive force is not determined by injury alone," "the unreasonableness of handcuffing requires some indication that it was done unnecessarily or excessively"); *Flamer v. Mitchell*, No. 25-3079, 2025 WL 1758620, at *2 (E.D. Pa. June 24, 2025) (dismissing excessive force claim with leave to amend on statutory screening because plaintiff "failed to allege the circumstances surrounding the incident that indicate whether the force used was objectively reasonable based on the totality of the circumstances"); *Koyi v. Borough of Tinton Falls*, No. 212035, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (dismissing excessive force claim where "[c]onspicuously absent are any details about the circumstances that brought Plaintiff and the officers together at the Royal Inn, what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force"). Further, as with his brief detention, Adefumi fails to allege that Ramos was personally responsible for the tightness of the handcuffs or that the use of force here was caused by a policy or custom of Temple University or its Police Department.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Adefumi leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Adefumi will be given leave to file an amended complaint in the event he can allege sufficient facts to state a claim against an appropriate defendant based on his interaction with police on December 12, 2025. An appropriate Order follows, which provides further instruction as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*